IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

**ZURICH AMERICAN INSURANCE COMPANY**             **PLAINTIFF**

**V.**             **CAUSE NO. 3:14CV362 DPJ-FKB**

**MANAGEMENT & TRAINING CORPORATION;
CHRISTOPHER EPPS; GLORIA PERRY; and
ARCHIE LONGLEY**             **DEFENDANTS**

### State Defendants' Memorandum in Support of
### Their Motion to Dismiss Based on Eleventh Amendment Immunity
### and Lack of Subject Matter Jurisdiction.

Defendants Christopher Epps, who serves as the Commissioner of the Mississippi Department of Corrections; Gloria Perry, who serves as the Chief Medical Officer for the Mississippi Department of Corrections; and Archie Longley, who serves as the Deputy Commissioner for Institutions of the Mississippi Department of Corrections (collectively the "State Defendants") file this memorandum in support of their motion to dismiss based on Eleventh Amendment immunity and lack of subject matter jurisdiction.

Invoking this Court's diversity jurisdiction, Plaintiff Zurich American Insurance Company has filed a declaratory judgment action seeking a determination under state law as to Zurich's contractual insurance obligations to Management & Training Corporation ("MTC") and the State Defendants. As set forth below, the State Defendants are parties to this matter only in their official capacities. Thus, the Complaint must be dismissed for two reasons. First, diversity jurisdiction cannot exist when State officials in their official capacities are parties. Second, the Eleventh Amendment immunizes State officials in their official capacity from claims based on state law. Both reasons independently mandate dismissal.

**Allegations in the Complaint**

A dispute has arisen regarding the scope of an insurance policy purchased by MTC from Zurich. Disputed is whether a class-action lawsuit filed by inmates against the State Defendants in their official capacities challenging the conditions of confinement at a prison operated by MTC is covered by the insurance policy.

Pursuant to a contract between MTC and the East Mississippi Correctional Facility Authority, MTC operates a prison in Lauderdale County, Mississippi known as the East Mississippi Correctional Facility ("EMCF"). Zurich Complaint at ¶¶ 9, 10. MTC has operated EMCF since July 2012. *Id.* at ¶ 9. MDOC houses State inmates at EMCF pursuant to a contract between MDOC and the East Mississippi Correctional Facility Authority. *Id.* at ¶ 10.

In May 2013, Jermaine Dockery and fifteen other State inmates housed at EMCF filed a class action lawsuit against Christopher Epps in his official capacity as the Commissioner of the Mississippi Department of Corrections, Gloria Perry in her official capacity as Chief Medical Officer for the Mississippi Department of Corrections, and Archie Longley in his official capacity as Deputy Commissioner for Institutions of the Mississippi Department of Corrections. *See Jermaine Dockery, et al. v. Christopher Epps, et al.*, Civil No. 3:13CV326TSL-JMR (S.D.Miss.); Zurich Complaint at ¶ 15. A copy of the Dockery Complaint is attached as Exhibit 4 to Zurich's Complaint. The Dockery Complaint alleges, *inter alia,* that MTC's operation of the facility violates the Eighth Amendment to the United States Constitution by subjecting the inmates to unconstitutional isolation, excessive force by MTC guards, attacks from other inmates, dangerous environmental conditions, and inadequate nourishment. *See* Dockery

Complaint at Counts Three through Seven; *see also* Zurich Complaint at ¶ 16.  Epps, Perry, and Longley are each named exclusively in their official capacities and the Dockery Complaint seeks only prospective declaratory and injunctive relief requiring MDOC to ensure the constitutional treatment of State inmates at EMCF.  *See* Dockery Complaint at ¶¶ 22, 23, 24; Zurich Compliant at ¶ 15.

MTC has a legal obligation arising from its contract with the East Mississippi Correctional Facility Authority, state statutory law, and other sources to defend and indemnify MDOC and MDOC's officials from suits arising out of MTC's operation of EMCF.  *See, e.g.* Zurich Complaint at ¶ 12; Miss. Code Ann. § 47-5-1219(d).  Accordingly, MTC has retained counsel to represent Epps, Perry, and Longley in their official capacities as defendants in *Dockery*.  *See* Zurich Complaint at ¶ 19.

Zurich issued a general commercial insurance policy to MTC effective from October 1, 2011, through October 1, 2013.  *See* Zurich Complaint at ¶ 8.  MTC "provided notification of the Dockery Class Action to Zurich for an assessment of potential coverage under Zurich policies." *Id*. at ¶ 20.  Zurich has twice denied coverage. *Id*. at ¶¶ 21, 23.

Citing diversity jurisdiction, Zurich has now filed suit in this Court seeking a declaration that "Zurich has no duty to defend or indemnify MTC, the MDOC Officials, or any employee, agent or representative of MTC or MDOC relative to the claims asserted in the Dockery Class Action." Zurich Complaint at ¶ 6 & Prayer for Relief. Zurich has named Epps, Perry, and Longley as defendants in this matter solely because it is the representation of Epps, Perry, and Longley in their official capacities as defendants in *Dockery* that is at the heart of this dispute.  *See* Zurich Complaint at ¶¶ 14,

3

15.

## Argument

A motion to dismiss for lack of subject matter jurisdiction is the appropriate vehicle to address a lack of diversity jurisdiction as well as the jurisdictional bar imposed by the Eleventh Amendment. *See United States v. Texas Tech Univ.*, 171 F.3d 279, 283 (5th Cir. 1999)(addressing Eleventh Amendment immunity in context of a Rule 12(b)(1) jurisdictional challenge).

**I.  Commissioner Epps, Chief Medical Officer Perry, and Deputy Commissioner Longley are Defendants in This Suit and in *Dockery* in Their Official Capacities.**

The clearest indication that Commissioner Epps, Chief Medical Officer Perry, and Deputy Commissioner Longley are defendants in this matter in their official capacity is found in the Dockery Complaint itself. The dispute between Zurch and MTC (and by extension the State Defendants) centers on insurance coverage related to the duty to defend and indemnify the State Defendants in the matter of *Jermaine Dockery, et al. v. Christopher Epps, et al.*, Civil No. 3:13CV326TSL-JMR (S.D.Miss.). Zurich requests a declaration that it "has no duty to defend or indemnify MTC, the MDOC Officials, . . . **relative to the claims asserted in the Dockery Class Action**." Zurich Complaint at Prayer for Relief (emphasis supplied).[1] Commissioner Epps, Chief Medical Officer

---

[1] Zurich itself defines the term "MDOC Officials" to be Epps, Perry, and Longley as defendants in their official capacities. Paragraph 15 of the Complaint defines "MDOC Officials" as follows:

> On May 30, 2013, Jermaine Dockery and fifteen other persons (collectively, the "Dockery Plaintiffs"), initiated a putative class action in the United States District Court for the Southern District of Mississippi, designated as Case Number 3:13-cv-326-TSL-JMR (the "Dockery Class

Perry, and Deputy Commissioner Longley are each named as defendants in *Dockery* solely in their official capacities. As Zurich is seeking a declaratory judgment regarding its duty to defend the State Defendants in their official capacities, Zurich must have named the State Defendants in their official capacities in this suit.

Zurich has no declaratory claim against the State Defendants as individuals. The *Dockery* plaintiffs, by naming the State Defendants in their official capacities, are suing the state or the state agency and not the individual person. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Suits against state officials in their official capacity … should be treated as suits against the State."); *Turner v. Houma Municipal Fire and Police Civil Service Board*, 229 F.3d 478, 483 (5th Cir.2000) ("Official-capacity suits … generally represent only another way of pleading an action against an entity of which an officer is an agent."). Because official capacity suits are really suits against the office and not the individual, Rule 25(d) provides that if "a party in an official capacity dies, resigns, or otherwise ceases to hold office [. . . . the ] officer's successor is automatically substituted as a party." By naming Epps, Perry, and Longley as official capacity defendants in *Dockery,* the inmate plaintiffs are suing the State offices of Commissioner

---

> Action"), against Christopher Epps, in his **official capacity** as Commissioner of the MDOC, Gloria Perry, in her **official capacity** as Chief Medical Officer for the MDOC, and Archie Longley, in his **official capacity** as Deputy Commissioner for Institutions of the MDOC, (**collectively, the "MDOC Officials"**). The Dockery Plaintiffs, who are allegedly incarcerated at the EMCF, are seeking relief for themselves and on behalf of a putative class of present and future inmates housed at EMCF. A true and correct copy of the Complaint filed in the Dockery Class Action is attached as Exhibit 4.

Zurich Complaint at ¶ 15 (emphasis supplied).

of Corrections, Chief Medical Officer, and Deputy Commissioner of Corrections. Any dispute regarding whether Zurich's insurance policy covers *Dockery* necessarily implicates the State Defendants only in their official capacities.

If Zurich were to argue that despite being named in their official capacities in *Dockery*, Zurich has named the State Defendants in their individual capacity in this matter, that tactic would be unsuccessful. For the purposes of determining diversity jurisdiction, courts look beyond a plaintiff's unilateral styling of the complaint to determine whether a state official in their official capacity (and therefore the state or state agency) is the real party in interest. By determining the real party in interest, courts ensure "that parties are not improperly creating or destroying diversity jurisdiction" through pleading devices. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 745, 187 L. Ed. 2d 654 (2014); *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460 (1980) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"); *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir.2003) (quoting *Navarro*); *Hood v. AstraZeneca Pharm., LP,* 744 F. Supp. 2d 590, 595 (N.D. Miss. 2010).

Similarly, when determining the application of the Eleventh Amendment, courts disregard whether the plaintiff has named the state official in his individual capacity and look instead to whether the real party in interest is the state, state agency, or state official in his official capacity. "The real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleading." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270, 277-268 (1997) (explaining that whether a state is the "actual party" for purposes of the Eleventh Amendment is

"determined by a consideration of the nature of the case," including "the essential nature and effect of the proceeding"). "The application of the [Eleventh] [A]mendment to suits against state officials in their individual capacity depends on the circumstances." *Modica v. Taylor*, 465 F.3d 174, 183 (5th Cir. 2006) (quoting *Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir. 2001)). The Eleventh Amendment applies when the "the state is the real, substantial party in interest." *Hughes v. Savell*, 902 F.2d 376, 377 (5th Cir. 1990). To determine whether "Mississippi is the real party in interest" "despite Defendants' being named in their individual capacity" requires a fact specific inquiry into the real party in interest. *Henley v. Simpson*, 527 F. App'x 303, 305, 308 (5th Cir. 2013).

Thus, even if Zurich were to contend that it named the State Defendants in their individual capacities, it is unquestionable that the real parties in interest are the State Defendants in their official capacities. The State Defendants face no individual liability in *Dockery*. In resolving a dispute about whether Zurich's policy covers the State Defendants in their official capacities, the obvious real party in interest are the State Defendants in their official capacities.

Moreover, the State of Mississippi and MDOC[2] are also real parties in interest in this matter and in the *Dockery* lawsuit for two reasons. First, *Dockery* is an official capacity lawsuit and "[s]uits against state officials in their official capacity … should be

---

[2] In this matter, MDOC (the entity of which the Commissioner, Chief Medical Officer, and Deputy Commissioner are officers) is an arm of the State of Mississippi. *See, e.g., Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 671, 678 (N.D. Miss. 2013) ("MDOC is responsible for managing and operating the correctional system for the State, and thus is an arm of the State"); *Williams v. Mississippi Dep't of Corr.*, 2012 WL 2052101, at * 1 (S.D. Miss. June 6, 2012); *Morgan v. State of Mississippi*, 2008 WL 410645, at * 4 (S.D. Miss. Feb. 12, 2008) (same).

treated as suits against the State." *Graham*, 473 U.S. at 166 (1985); *Turner*, 229 F.3d at 483. Second, the *Dockery* suit seeks to change state policy and practice with respect to State inmates housed by MDOC at EMCF. *See Henley*, 527 F.App'x at 307-308; *Luder v. Endicott*, 253 F.3d 1020 (7th Cir. 2001). Therefore, regardless of Zurich's intentions, the real parties in interest in *Dockery* and the real parties in interest in this suit arising out of *Dockery* are the same: the State Defendants in their official capacities, MDOC, and the State of Mississippi.

**II.    There is No Diversity Jurisdiction.**

Federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by statute. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). The "party claiming federal subject matter jurisdiction bears the burden of proving it." *Id*. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 requires, *inter alia*, complete diversity of citizenship. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295,297 (5th Cir.2010). The presence of a state, state agency, or state official in their official capacity as either a named party or as the real party in interest destroys diversity jurisdiction because those entities are not a "'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973); *Hood v. AstraZeneca Pharm., LP,* 744 F. Supp. 2d 590, 597 (N.D. Miss. 2010). As this Court has previously explained in finding a lack of diversity when a State official in his official capacity is a defendant:

> A suit against a public officer in his official capacity is, in all respects other than name, treated as one against the entity of which he is an officer. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3104-05, 87 L.Ed.2d 114 (1985). And since a state is not a "citizen" for purposes of diversity jurisdiction, if an agency against which suit is brought is not

> independent but is simply an alter ego of the state, then that agency, likewise, cannot be considered a "citizen" in order to create diversity jurisdiction. *Tradigrain, Inc. v. Mississippi State Port Authority*, 701 F.2d 1131, 1132 (5th Cir.1983). Thus, because the court concludes, *infra*, that the Board functions as an arm of the state rather than as a separate and distinct entity, it follows that diversity jurisdiction is lacking.

*Williams v. Morgan*, 710 F. Supp. 1080, 1082-83 (S.D. Miss. 1989); *see also Ungureanu v. A. Teichert & Son*, 2011 WL 4862425, at *10 (E.D. Cal. Oct. 13, 2011) ("Suits against state agencies and state officials in their official capacity are treated as suits against the state and therefore such suits cannot be based on diversity."); *Cent. Ohio Gaming Ventures, LLC v. Goodman*, 2011 WL 1981185, at *3 (S.D. Ohio May 20, 2011) ("state officials named in their official capacity do not have a 'citizenship' for diversity purposes because they are, in essence, the State itself, and a State similarly has no citizenship that can be considered in determining if diversity jurisdiction exists").

Without complete diversity and otherwise lacking a federal question, this matter should be dismissed for want of subject matter jurisdiction.

### III.  In the Alternative, Zurich's State Law Contract Claim is Barred by the Eleventh Amendment.

Even if diversity jurisdiction existed, the Eleventh Amendment is an independent bar to this Court's jurisdiction. Zurich's request for declaratory relief is premised on state insurance law and does not present a federal question. *See* Zurich Complaint at ¶ 6 (citing only diversity jurisdiction). The "Eleventh Amendment prohibits suits in federal court against a state and state officers in their official capacities based upon violation of state law absent consent of the state." *Mississippi Surplus Lines Ass'n v. Mississippi*, 384 F. Supp. 2d 982, 985 (S.D. Miss. 2005) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 121 (1984)). The Eleventh Amendment bars state law

claims regardless of whether plaintiffs seek monetary, declaratory, or injunctive relief. *See Pennhurst*, 465 U.S. at 106, 121; *Hughes v. Savell*, 902 F.2d 376, 378 (5th Cir. 1990); *Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985); *Kitchens v. Texas Dept. of Human Resources*, 747 F.2d 985, 986 (5th Cir. 1984); *Mabry v. Mississippi Dept. of Corrections*, 2010 WL 1402614, at *3 (N.D. Miss. 2010).

The Eleventh Amendment applies even if Zurich were to contend that the State Defendants are named only in their individual capacities because, as noted above, the real parties in interest to this litigation are the State Defendants in their official capacities, MDOC as a State agency, and the State itself. *Henley*, 527 F. App'x at 304 (applying Eleventh Amendment "[b]ecause the State of Mississippi is the real party in interest"); *Hughes*, 902 F.2d at 377.

## Conclusion

Zurich's Complaint should be dismissed without prejudice pursuant to Rule 12(b)(1) for a lack of diversity jurisdiction. All claims asserted against the State Defendants should be dismissed as barred by the Eleventh Amendment.

**RESPECTFULLY SUBMITTED**, this 28th day of May, 2014.

        STATE DEFENDANTS

  BY:   JIM HOOD, ATTORNEY GENERAL
           STATE OF MISSISSIPPI


  BY:   *s/ Harold E. Pizzetta, III*
           HAROLD E. PIZZETTA, III (MSB No. 99867)

Harold E. Pizzetta, III
Assistant Attorney General
Counsel for the State Defendants

Civil Litigation Division
Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-5654
Email: hpizz@ago.state.ms.us

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing answer has been filed electronically with the Clerk of Court and thereby served on the following persons:

Jeffrey S. Dilley, Esq.
jsd@henke-bufkin.com
HENKE BUFKIN, P.A.
Post Office Box 39
Clarksdale, MS 38614

This the 28th day of May, 2014.

                         *s/ Harold E. Pizzetta, III*
                         Harold E. Pizzetta, III